IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Eugene Mitchell, | ) | |
| | ) | C/A No. 8:17-66-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, and | ) | |
| Gary Bryant, Director of Anderson | ) | |
| County Detention Center, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on Petitioner Robert Eugene Mitchell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On February 10, 2017, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation recommending Petitioner's petition be dismissed without prejudice and without requiring Respondent to file an answer or return. (ECF No. 14). Petitioner timely filed objections (ECF No. 16).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the magistrate judge found that because Petitioner has not yet exhausted his state court remedies, this Petition should be dismissed. (Report at 3). In his Objections filed February 13, 2017, Petitioner states that he had filed an application for post-conviction relief ("PCR") on February 4, 2017, and that the state court had not filed or otherwise acted on it. (Objections at 2). Because of this alleged inaction, he asks that this court excuse him from the exhaustion requirement. *Id*. at 3. Reviewing the current state court records online, *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding courts "may properly take judicial notice of matters of public record."), it appears Petitioner now currently has a pending PCR action in state court in regard to the convictions he is challenging in this habeas action. *See Mitchell v. State of South Carolina*, 2017-CP-0400952 (http://publicindex.sccourts.org/Anderson/ PublicIndex/CaseDetails) (last visited May 10, 2017). Accordingly, this habeas petition should be dismissed while Petitioner exhausts his state court remedies.

Based on a review of the record in this case pursuant to the standards set forth above, the court adopts the Report and Recommendation (ECF No. 14). Accordingly, Petitioner's petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v.*

2

*Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
May 10, 2017